IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

        v.                    CRIMINAL NO. 14-50033

ANDRES DIAZ                                 DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is Defendant Andres Diaz's Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 782 (Doc. 54).

On September 29, 2014, Defendant pled guilty, pursuant to a written plea agreement (Doc. 33), to Count Four of the Indictment, charging him with the distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The Final Presentence Investigation Report (PSIR), prepared on December 17, 2014, calculated the offense as involving at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine. Defendant's base offense level was calculated at 36 based on this drug quantity. (Doc. 42 ¶ 52.) The Court adopted the PSIR, and, on January 29, 2015, a judgment was entered sentencing Defendant to 180 months imprisonment, three years supervised release (with deportation anticipated), a $2,000.00 fine and a $100.00 special assessment. (Doc. 52.)

Guideline Amendment 782, which Defendant references, reduces the offense level applicable to certain drug offenses, including the type Defendant was convicted of, by two levels. This Amendment was actually applied in calculating Defendant's offense level at a 36. Prior to the Amendment, Defendant's offense level would have been at a 38. See 2013 U.S.S.G. § 2D1.1

Drug Quantity Table (1). Accordingly, Defendant received the benefit of the Guideline Amendment and there is no basis for granting his motion.

Based on the foregoing, the undersigned recommends that Defendant's **Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Retroactive Guideline Amendment 782 (Doc. 54)** be **DENIED**.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of September, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)